UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HERSHELL TERRO** | : | **DOCKET NO. 2:22-CV-05475** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(6) Filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company*. Doc. 15. The motion alleges that two of the three defendants in this matter simply did not issue a policy of insurance that provided coverage to plaintiff or the property named in the lawsuit. As of this date, there has been no response/opposition to the motion and the time for opposition briefing has now passed. *See* doc. 19 (setting briefing deadline).

For the following reasons it is **RECOMMENDED** that the motion be **GRANTED** and that defendants State Farm General Insurance Co. and State Farm Mutual Automobile Insurance Co. be **DISMISSED WITH PREJUDICE**.

#### RULE 12(B)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635

F.3d 757, 763 (5th Cir. 2011); *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [ . . . ] Determining whether a complaint states a plausible claim for relief [ . . . is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Id.* Courts will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Although a court's review is generally limited to the pleadings in deciding a motion to dismiss, the court may also consider documents attached to the complaint and the motion to dismiss, provided such documents are central to the plaintiff's claim and are referred to in the complaint. *Lone StarFund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## LAW AND ANALYSIS

Plaintiff brings suit against three State Farm entities, refers to them collectively as "Defendant," and alleges that his property "was insured against property damage by a policy of insurance issued and maintained by Defendant bearing policy number 18-B9-A520-5." Doc. 1, p. 1-2. In their motion to dismiss, the defendants attach insurance policy 18-B9-A520-5 for the policy period December 21, 2019 to December 21, 2020, and they note that the "policy plainly states that it was issued by State Farm Fire and Casualty Company" and does not reference the other defendants, State Farm General Insurance Co. and State Farm Mutual Automobile Insurance Co. Doc. 15, att. 1.

Having considered the complaint and the policy of insurance referenced therein, which is attached to the motion to dismiss, and noting that plaintiff has filed no opposition to the motion, we agree with the defendants' assertion that the complaint fails to state a claim against State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company because the complaint contains insufficient sufficient factual matter, accepted as true, to state a plausible claim for relief against those two defendants.

## CONCLUSION

For the reasons set forth herein, we **RECOMMEND** to the district court that the Motion to Dismiss State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company be **GRANTED** and that plaintiff's claims against State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 8th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE