UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HERSHELL TERRO** | : | **DOCKET NO. 2:22-CV-05475** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 14. The Termination Order set a October 4, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order additionally cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original). Shortly after the court issued the Termination Order, two of the three defendants in this matter moved to dismiss the claims against them, and the court set briefing deadlines on that motion to dismiss. Docs. 15, 19.

The court held the status conference on October 4, 2023, in the Lake Charles Division of this District. Doc. 20. Plaintiff did not appear for the status conference as instructed, and the

undersigned indicated that a Report and Recommendation would issue for plaintiff's failure to abide by court orders and failure to prosecute. *Id.* However, in the days before the status conference, plaintiff contacted the court multiple times, and on at least one of those occasions, court staff inadvertently told plaintiff that the hearing would take place on October 5, not October 4. Accordingly, the report and recommendation was withdrawn. Doc. 23. In recalling the initial report and recommendation, the court again set briefing deadlines on the motion to dismiss, set a telephone status conference for November 8, 2023, and ordered the parties to submit a written status report in advance of the telephone status conference. *Id.* The order cautioned:

> Plaintiff is again referred to the Order Terminating Former MMA Counsel [doc. 14] and the admonitions contained therein that failure to follow the rules and orders of the court could result in adverse consequences including a recommendation that plaintiff's matter be dismissed for failure to prosecute or follow court orders or both.

*Id.* The court conducted the telephone status conference on November 8, 2023. Doc. 26. Neither plaintiff nor any representative of plaintiff attended the telephone status conference. *Id.* Plaintiff has not contacted chambers regarding telephone status conference. Plaintiff did not file a timely response to defendants' motion to dismiss.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

Given the record of this proceeding and plaintiff's failure to participate today despite our order at doc. 23, we **RECOMMEND** to the district court that any claims remaining in this matter[1] be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[1] The undersigned issues a separate Report and Recommendation that the motion to dismiss the plaintiff's claims against State Farm General Insurance Co. and State Farm Mutual Automobile Insurance Co. [doc. 15] be granted and those claims be dismissed with prejudice. Doc. 27.

THUS DONE AND SIGNED in Chambers this 8th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE